United States District Court
Southern District of Texas
**ENTERED**
January 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS A. HERNANDEZ-GABRIEL, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-5687 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| *Respondents.* | § | |

## MEMORANDUM OPINION AND ORDER

Through counsel, noncitizen Luis A. Hernandez-Gabriel filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking his immediate release from immigration detention. (Dkt. 1). The Court denied his request for an immediate hearing, but ordered an expedited answer from the respondents. (Dkt. 5). The respondents answered with a motion to dismiss or, alternatively, for summary judgment. (Dkt. 9). Hernandez-Gabriel filed an untimely reply, which the Court has nevertheless considered. (Dkt. 11). Having reviewed the petition, the motions and reply, the pleadings, and the law, the Court denies the respondents' motions, but also denies Hernandez-Gabriel's petition and dismisses this action with prejudice.

## I.    BACKGROUND

The parties do not dispute the basic facts of this case. Hernandez-Gabriel is a native of Guatemala who entered the United States without inspection in 2011. (Dkt.

1, p. 3). In February 2011, he filed an application for asylum. (*Id.*). Eleven years later, in August 2022, he filed an application for cancellation of removal based on economic and family hardship. (*Id.* at 4). In September 2022, an immigration judge denied both his asylum application and his application for cancellation of removal and ordered that he be removed. (*Id.*). Hernandez-Gabriel appealed the Order of Removal, and that appeal remains pending. (*Id.*).

In June 2025, ICE officials arrested Hernandez-Gabriel in the parking lot of his home as he left for work. (*Id.*). On June 30, 2025, Hernandez-Gabriel filed a motion for custody redetermination, also called a motion for bond hearing. (*Id.*). On July 10, 2025, the immigration judge issued a one-page order denying Hernandez-Gabriel's request for bond, finding that she had no jurisdiction because his appeal was pending before the Bureau of Immigration Appeals (BIA), and also finding "in the alternative Respondent is a flight risk due to pending removal order." (Dkt. 1-1). Hernandez-Gabriel requested reconsideration, which was denied on July 16, 2025. (Dkt. 1, p. 4). On July 22, 2025, Hernandez-Gabriel appealed both denials to the BIA. (*Id.*).

On August 4, 2025, the immigration judge issued a "Memorandum Supporting Denial of Motion for Bond Redetermination." (Dkt. 1-2). That memorandum stated that she had determined, upon further consideration, that she did have jurisdiction to hear Hernandez-Gabriel's motion for bond. (*Id.*). It also

2/13

contained specific findings of fact based on the evidence presented at the July 10 hearing that supported her prior determination that Hernandez-Gabriel was a flight risk. (*Id.*).

On August 6, 2025, Hernandez-Gabriel filed a motion to remand in the BIA under §240A(b) of the Immigration and Naturalization Act. (*Id.*). That motion remains pending, and Hernandez-Gabriel remains detained without bond. (*Id.*).

On November 25, 2025, Hernandez-Gabriel filed this petition for writ of habeas corpus through counsel. In it, he contends that (1) the immigration judge incorrectly determined that she lacked jurisdiction to conduct the bond hearing on July 10, 2025; (2) the immigration judge unlawfully issued the memorandum on August 4, 2025; and (3) Hernandez-Gabriel's detention without a bond hearing violates his due process rights and the immigration statutes. (*Id.* at 5). He contends that ordering another bond hearing would be futile, and he asks this Court to order his immediate release. (*Id.* at 12). Alternatively, and despite his contention that such relief would be futile, he asks the Court to order a bond hearing under 8 U.S.C. § 1226(a). (*Id.*).

The respondents answered the petition with a motion to dismiss or, alternatively, a motion for summary judgment. (Dkt. 9). The respondents first contend that the petition should be dismissed because Hernandez-Gabriel failed to exhaust his administrative remedies before filing his petition. (*Id.* at 3–4).

3/13

Alternatively, the respondents contend that Hernandez-Gabriel's petition should be denied because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.* at 4–7). They contend that this result is supported by the plain language of § 1225(b), the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 221–27 (BIA 2025), and persuasive decisions from other district courts. (*Id.*). They do not address Hernandez-Gabriel's arguments concerning the lawfulness of the immigration judge's orders.

Hernandez-Gabriel filed a reply, which was untimely under the Court's Order for Expedited Answer but which the Court has nevertheless considered. (Dkt. 11).

## II.   **LEGAL STANDARDS**

### A.   **Petitions for a Writ of Habeas Corpus**

Hernandez-Gabriel seeks release through a petition for writ of habeas corpus under 28 U.S.C. § 2241. To be entitled to a federal writ of habeas corpus, the petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The petitioner has the burden to demonstrate that a constitutional violation has occurred. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) ("[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190,

1192 (5th Cir. 1985) (per curiam))).  Absent a constitutional violation, the writ will not issue.

### B.    Motions for Summary Judgment

The respondents have moved for entry of summary judgment.  "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).  Under Rule 56, the moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.*  The moving party is "entitled to judgment as a matter of law" when the nonmoving party has failed to make a sufficient showing on an essential element of the case on which he or she had the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## III.   DISCUSSION

### A.    Exhaustion of Administrative Remedies

The respondents first contend that Hernandez-Gabriel's petition should be dismissed because he has not exhausted his administrative remedies.  The Court

disagrees for three reasons.

First, no applicable statute or rule requires Hernandez-Gabriel to exhaust his administrative remedies. In the immigration context, "exhaustion of administrative remedies is statutorily required only on appeals from final orders of removal." *Hniguira v. Mayorkas*, No. H-23-3314, 2024 WL 1201634, at *6 (S.D. Tex. Mar. 20, 2024 ) (citing 8 U.S.C. § 1252(d)(1)). Hernandez-Gabriel is not challenging his Order of Removal in this petition, so exhaustion is not statutorily required.

Second, prudential exhaustion is not required here. "[I]n the absence of a statutory requirement of exhaustion of administrative remedies, the jurisprudential doctrine of exhaustion controls." *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 475 (5th Cir. 1997) (per curiam). Prudential exhaustion is a court-created doctrine intended to protect administrative agency authority and promote judicial efficiency. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). But when a "legal question is fit for resolution and delay means hardship, a court may choose to decide the issues itself." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025) (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000)).

To the extent that at least one issue in this case "boils down to a matter of statutory interpretation," it "belong[s] historically within the province of the courts." *Id.* Other courts faced with similar issues have found that preventing six months or

more of unlawful detention outweighs the BIA's interest in detaining an individual while the bond determination is resolved on appeal. *Id.*; *see also Lopez-Arevelo v. Ripa*, No. EP-25-cv-337, 2025 WL 2691828, at *6 (W.D. Tex. Sep. 22, 2025) (waiving exhaustion in a similar case because "[t]o wait, indefinitely, for a ruling on that appeal would be inappropriate because it would exacerbate [the petitioner's] alleged constitutional injury—detention without a bond hearing"). Under these circumstances, requiring Hernandez-Gabriel to exhaust his administrative remedies before pursuing habeas relief would satisfy neither purpose of prudential exhaustion. The Court will not impose that requirement under these circumstances.

Third, the respondents' own briefing establishes that requiring Hernandez-Gabriel to pursue his administrative remedies would be futile. A petitioner need not exhaust claims when he can demonstrate "the futility or inadequacy of administrative review." *Gardner v. Sch. Bd. Caddo. Par.*, 958 F.2d 108, 112 (5th Cir. 1992); *see also Honig v. Doe*, 484 U.S. 305, 327 (1988). The futility exception applies when exhaustion would be "clearly useless" and "it is certain [a] claim will be denied." *All. for Hippocratic Med. v. Food & Drug Admin.*, No. 23-10362, 2023 WL 2913725, at *15 (5th Cir. Apr. 12, 2023) (per curiam) (cleaned up); *see also Carr v. Saul*, 593 U.S. 83, 93 (2021) ("[T]his Court has consistently recognized a futility exception to exhaustion requirements.").

The record before this Court demonstrates that requiring Hernandez-Gabriel

to exhaust his administrative remedies would be futile.  The respondents contend that the Court should require Hernandez-Gabriel to await the resolution of his appeal of the denials of his motions for bond while at the same time arguing that the BIA's decision in *Hurtado* is correct and mandates his detention.  The Court will not require Hernandez-Gabriel to await the conclusion of an appeal that is patently futile.

The Court finds that requiring Hernandez-Gabriel to exhaust his administrative remedies is neither required, prudent, nor legally supportable.  The respondents' motion to dismiss for lack of exhaustion is denied.

### B.    Detention Pending a Removal Decision

The crux of Hernandez-Gabriel's petition is a challenge to his continued detention during the remainder of his removal proceedings.  This case is one of many filed across the country challenging the federal government's authority to require mandatory detention for certain noncitizens while their removal proceedings are in progress.  At issue in these cases is the proper interpretation and application of 28 U.S.C. § 1225(b) and 28 U.S.C. § 1226(a).  Hernandez-Gabriel contends that if he is subject to detention, then the plain language of the statutes and longstanding precedent place him within the discretionary detention provision of § 1226(a).  The respondents contend that the plain language of the statutes shows that Hernandez-Gabriel is subject to mandatory detention under § 1225(b).

This Court has previously rejected the respondents' arguments and found that

8/13

petitioners in a situation like Hernandez-Gabriel are subject to detention under § 1226(a). *See, e.g., Arenas Santoyo v. Dickey*, No. H-25-5555, 2025 WL 3724557 (S.D. Tex. Dec. 23, 2025); *Acosta de Perez v. Frink*, No. H-25-5357, 2025 WL 3626347 (S.D. Tex. Dec. 12, 1025); *Espinoza Andres v. Noem*, No. H-25-5128, 2025 WL 3458893 (S.D. Tex. Dec. 2, 2025). The respondents offer no new persuasive authority that would tend to show that their position is correct and that the Court's prior rulings on this issue are incorrect. The Court therefore finds that the question of whether Hernandez-Gabriel's detention should be continued is governed by § 1226(a) rather than § 1225(b). To the extent that the respondents argue otherwise, their motion for summary judgment is denied.

However, that decision does not resolve the question of the relief to which Hernandez-Gabriel is entitled. Even when a court determines that a detainee is subject to detention under § 1226(a), the detainee is not automatically entitled to immediate release. Instead, relief under these circumstances is generally afforded by "giv[ing] the Government a short window in which to complete the bond hearing, or else release the petitioner." *Lopez-Arevelo*, 2025 WL 2691828, at *13 (citing *Velasquez Salazar v. Dedos*, No. 1:25-cv-835, 2025 WL 2676729, at *9 (D.N.M. Sept. 17, 2025) (collecting cases)).

In this case, however, Hernandez-Gabriel has already had a bond hearing before an immigration judge. At that hearing, the immigration judge took evidence

and denied Hernandez-Gabriel request for release, finding him to be a flight risk. While Hernandez-Gabriel is dissatisfied with that decision, he has received the process which is due to him under the INA and the Constitution. He cites no facts and offers no authority showing that he should be entitled to either another bond hearing or immediate release at this point. Absent such authority, his request for habeas relief must be denied.

### C.   Challenges to Immigration Judge's Decisions

In an effort to obtain another bond hearing, Hernandez-Gabriel challenges the correctness of the rulings made by the immigration judge and the procedures she used in disposing of his motions. He contends that the immigration judge (1) incorrectly determined that she lacked jurisdiction to conduct a bond hearing on July 10, 2025; and (2) unlawfully issued the memorandum on August 4, 2025. Neither of these claims are properly before this Court.

Concerning the immigration judge's allegedly incorrect legal rulings about her jurisdiction and the weight of the evidence, § 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

Under this statute, district courts have no jurisdiction to review discretionary decisions made by an immigration judge regarding a bond. *See Nielsen v. Preap*,

586 U.S. 392, 401 (2019) (the limitation in § 1226(e) "applies . . . to discretionary decisions about the application of § 1226 to [a] particular case"); *Fuentes v. Lyons*, No. 5:25-cv-00153, 2025 WL 3022478 (S.D. Tex Oct. 29, 2025); *Kambo v. Poppell*, No. SA-07-CV-800-XR, 2007 WL 3051601, at *8 (W.D. Tex. Oct. 18, 2007) ("[T]he Attorney General's discretionary judgment regarding the application of release and bond provisions–including the manner in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints–is not subject to review.") (cleaned up).   To the extent that Hernandez-Gabriel seeks to challenge the correctness of the immigration judge's rulings that she lacked jurisdiction or that he is a flight risk, this Court has no jurisdiction to entertain his claims.

Concerning the allegedly incorrect procedures used by the immigration judge in issuing the later bond memorandum, Hernandez-Gabriel's claims are not properly raised in a habeas petition. The "sole function" of a habeas petition is to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).   It is properly used to challenge the fact or duration of confinement, not the procedures that affect the timing of release from custody. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (citing *Orellana*, 65 F.3d at 31).   Therefore, habeas relief is available for alleged procedural deficiencies relating to the petitioner's custody only if the challenged procedures, performed

properly, would have resulted in the petitioner's automatic release. *Id.*

In this case, even if the immigration judge improperly issued the bond memorandum in violation of ICE regulations and procedures, a new bond hearing conducted under the proper procedures would not necessarily result in Hernandez-Gabriel's release from detention. Under the INA, at the conclusion of a bond hearing, the immigration judge may either "detain the alien in custody," or "determine the amount of bond, *if any*, under which the [alien] is to be released." 8 C.F.R. § 236.1(d)(1) (emphasis added). Hence, a new bond hearing could lawfully result in Hernandez-Gabriel's continued detention rather than his automatic release from custody. He is not entitled to habeas corpus relief on this claim.

In sum, this Court may not consider the correctness of the immigration judge's rulings at the previous bond hearing or the procedures used to determine whether to release Hernandez-Gabriel on bond. His petition for writ of habeas corpus on these grounds is denied.

## IV.    <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.    The respondents' motion to dismiss or, alternatively, for summary judgment, (Dkt. 9), is **DENIED**.

2.    Because Hernandez-Gabriel has not alleged facts showing entitlement to immediate release from custody, his petition for writ of habeas corpus, (Dkt. 1),

12/13

is **DENIED**.

  3. Any pending motions are **DENIED as moot**.

  4. A certificate of appealability is **DENIED as unnecessary**. *See Salas v. Waybourn*, No. 19-11382, 2020 WL 7785474, at *1 (5th Cir. 2020).

  5. Final judgment will be separately entered.

  **The Clerk of Court will provide a copy of this Order to the parties.**

SIGNED at Houston, Texas on _____ Jan 20 _____, 2026.


           DAVID HITTNER
        UNITED STATES DISTRICT JUDGE

13/13